UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PERI RAPPAPORT, individually and on
behalf of all others similarly situated,

        Plaintiff,

        v.

PATHWARD, NATIONAL ASSOCIATION

        Defendant.

-------------------------------------------------------x

Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Peri Rappaport ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel, brings this complaint against Defendant Pathward, National Association ("Pathward" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Peri Rappaport brings this lawsuit individually and on behalf of others similarly situated, seeking compensatory and exemplary damages for Defendant's violation of consumer protection statutes in New York and other states arising from its sale of SecureSpend Prepaid VISA cards ("Prepaid Visa cards" or "the Product").

2. Defendant sells these Prepaid Visa cards throughout the nation and falsely asserts that that they are usable for paying bills.

3. These misrepresentations on Defendant's cards and advertisements are deceptive and cause consumers damages by causing them to purchase the Produce in the mistaken belief that these cards may be used for paying bills when they cannot.

4. Plaintiff consequently brings this action on behalf of herself and other purchasers of Defendant's Prepaid Visa cards to obtain compensation for the losses sustained by purchasing

1

Prepaid Visa cards which did not provide the functionality that Defendant falsely represented them to have.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because there are 100 or more class members; at least one class member is a citizen of a state that is diverse from Defendant's citizenship; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim asserted occurred and a substantial part of the property subject to the action is situated.

## PARTIES

7. Plaintiff Peri Rappaport is a resident of Brooklyn, New York.

8. Defendant Pathward is a Delaware corporation with its corporate headquarters at 5501 South Broadband Lane, Sioux Falls, South Dakota 57108. Pathward is a subsidiary of Pathward Financial, Inc. Pathward is a federally chartered savings bank engaged in the business of issuing Prepaid Visa cards throughout the United States, including New York State, as represented by the terms and conditions within the Product's packaging.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

9. Defendant has manufactured, marketed, sold, licensed, serviced, and/or distributed Prepaid Visa cards to consumers throughout New York State in a uniform and similar fashion.

10. As the packaging indicates, each Prepaid Visa card has a flat, non-refundable "purchase charge" of $4.95.

11. At the time of purchase, consumers select an amount of funds to add to the card,

between $20 and $500.

12. The front packaging of the Prepaid Visa cards says, "Safe for online shopping, traveling, **paying bills**, and more!" (emphasis added).

13. The back packaging of the Product says, "Convenient to use every day for – Dining, Travel, Gas, **Pay Bills**, Groceries, Online Shopping, Home Improvement, & Gifts!" (emphasis added).

14. On or about February 14, 2024, Plaintiff purchased three Prepaid Visa cards at a Dollar Tree store located in Brooklyn, New York in the amount of $500 each. Shee did so with the intent to use these cards for paying bills.

15. Based on Defendant's representations, Plaintiff reasonably believed that the Product could be used to pay her bills.

16. Plaintiff relied on this false representation when purchasing the Product.

17. The ability to use Prepaid Visa cards to pay bills is an attribute that appeals to Plaintiff and many consumers.

18. Defendant is well aware that such representations increase sales.

19. Defendant made such representations with intent for consumers to rely thereon.

20. However, the representations regarding the Product purchased by Plaintiff are false.

21. When consumers attempt to use their Prepaid Visa cards for these purposes, merchants and/or bill processors do not accept the payment because the card does not have an address associated with it.

22. The Product's packaging instructs consumers to check their balance at SecureSpend.com ("SecureSpend's website").

23. On SecureSpend's website, consumers cannot enter their personal information or

billing address associated with the Prepaid Visa card.

24. Defendant indicates on SecureSpend's website, "You can use your SecureSpend Card anywhere VISA debit cards or Debit Mastercard cards are accepted within the fifty United States and District of Columbia." [1]

25. In providing instructions for using the cards to shop online, Defendant further indicates, "Your personal information is not associated with the Card, therefore you should use your mailing address [as a billing address for online transactions]. This will ensure the merchant can contact you if necessary."[2]

26. These representations on SecureSpend's website further misrepresent consumers' ability to use the Product for bill payments.

27. After trying on numerous occasions to pay bills online, pursuant to the instructions provided on how to use the Prepaid Visa cards, Plaintiff's husband, Levi Kushnir, contacted SecureSpend USA's customer service about the rejected transactions, seeking assistance.

28. SecureSpend USA's customer service told Mr. Kushnir that there is no way to add an address or zip code to the Prepaid Visa cards. When Mr. Kushnir informed the customer service representative that he and Plaintiff could not use their cards to pay their bills online, the representative only said to "try another merchant."

29. Plaintiff is still unable to use her Prepaid Visa cards to pay her bills. *See, e.g.*, Exhibit 1 (ConEdison declining bill payment); Exhibit 2 (Optimum declining bill payment).

30. Plaintiff could return the Prepaid Visa cards and receive a refund for the amounts loaded onto the card, but the "purchase charge" of $4.95 is non-refundable.

---

[1] *Frequently Asked Questions*, https://www.securespend.com/help (last visited Mar. 13, 2024).

[2] *Id.*

31. Defendant's Prepaid Visa cards violate state consumer protection laws.

32. Plaintiff now brings this action on behalf of all the consumers that Defendant deceived.

33. Plaintiff and class members were harmed because, *inter alia*, they paid for a product that was represented to be usable for the purpose of paying bills when it was not.

## **CLASS ALLEGATIONS**

34. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and the following class (the "New York Class"):

> All consumers who purchased the SecureSpend Prepaid VISA® cards within New York. Excluded from the New York Class are any owners, officers, directors, or employees of Defendant or any related entities.

35. Plaintiff also brings this class action on behalf of himself and the following class (the "Multi-State Class"):

> All consumers who purchased SecureSpend Prepaid VISA® cards in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington. Excluded from the Multi-State Class are any owners, officers, directors, or employees of Defendant or any related entities.

36. Upon information and belief, the New York Class and the Multi-State Class consist of hundreds or thousands of members. These classes are so numerous that joinder of all members is impracticable.

37. There are questions of law or fact common to the members of the New York Class and the Multi-State Class that predominate over any questions affecting only individual members, including:

> (a)  Whether Defendant's Prepaid Visa cards can be used for paying bills;

      (b)      Whether Defendant falsely or deceptively represent that the Prepaid Visa cards are usable for paying bills;

      (c)      Whether Defendant's conduct was unfair or deceptive;

      (d)      Whether Defendant's conduct violates state consumer protection laws;

      (e)      Whether Defendant's conduct constitutes a breach of express warranty;

      (f)      Whether Defendant has been unjustly enriched as a result of its conduct such that it would be inequitable for Defendant to retain the benefits conferred upon it by class members; and

      (g)      Whether the New York Class and the Multi-State Class have sustained damages and, if so, the proper measure of such damages.

38. Plaintiff's claims are typical of those of the members of the New York Class and the Multi-State Class, where Plaintiff purchased the Product that was misrepresented as usable for the purpose of paying bills, when it is not.

39. Plaintiff will fairly and adequately protect the interests of the New York Class and the Multi-State Class and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the New York Class or the Multi-State Class.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. There is no plain, speedy, or adequate remedy other than by maintenance of a class action.

41. No member of the New York Class or the Multi-State Class has a substantial interest in individually controlling the prosecution of a separate action. The damages of each individual member of these classes will likely be small relative to the burden and expense of the

prosecution of a separate individual litigation.

42. Defendant, through the false and deceptive labeling of its Prepaid Visa cards, have also acted or refused to act on grounds generally applicable to the New York Class or the Multi-State Class, thus making equitable relief an appropriate remedy.

**FIRST CLAIM FOR RELIEF**
**Violation of New York General Business Law § 349**
(On Behalf of the New York Class)

43. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

44. New York Gen. Bus. Law ("GBL") § 349(a) declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . . ."

45. The conduct of Defendant alleged herein constitutes recurring and "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and Class Members seek damages.

46. Defendant has engaged in deceptive acts and practices in the conduct of business, trade, and commerce with respect to the Product.

47. Defendant misleadingly, inaccurately, and deceptively advertises and markets the Product to consumers.

48. Defendant sold and continues to sell the Product to consumers in New York.

49. Defendant's deceptive acts and practices are directed at consumers.

50. Defendant engaged in deceptive acts and practices in the conduct of business, trade, and commerce and the furnishing of services, in violation of GBL § 349(a). This includes but is not limited to the following:

    a. Defendant misrepresented that the Product can be used to pay bills, when, in

7

     fact, it cannot.

   b. Defendant failed to improve the packaging or instructions to clarify the purposes for which the Product can be used, despite knowing that the Product cannot be used to pay bills.

51. Defendant misleadingly, inaccurately, and deceptively advertises and markets the purposes for which the Product could be used.

52. These false and deceptive representations appeared on the Product's packaging.

53. These false and deceptive representations appeared in Defendant's marketing and advertising.

54. Defendant's deceptive conduct was willful and knowing. Defendant knew or should have known that the Product cannot be used to pay bills, and it knew or should have known that the Product's packaging asserted that it could.

55. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and benefits of Prepaid Visa cards to induce customers to purchase Prepaid Visa cards.

56. These false and deceptive representations caused Plaintiff and reasonable consumers to believe that Defendant's Prepaid Visa cards could be used for purposes of paying bills when they could not.

57. Defendant's representations and omissions are likely to mislead reasonable consumers acting reasonably under the circumstances.

58. Plaintiff relied on that representation when she purchased the Product, believing it was usable for paying bills.

59. Defendant's advertising and the Product's packaging and labeling induced

Plaintiff and Class Members to buy Defendant's Prepaid Visa cards.

60. Plaintiff and the members of the New York Class were harmed by Defendant's conduct.

61. Plaintiff and the members of the New York Class purchased the Product that did not have its represented attributes.

62. Plaintiff and the members of the New York Class would not have purchased the Product had they known the cards were not usable in the represented ways.

63. The above unfair and deceptive acts and practices by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused injury to Plaintiff and other Class Members that they could not reasonably avoid, which outweighed any benefits to consumers or to competition.

64. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.

65. Defendant's deceptive behavior has a broad impact on consumers at large for several reasons, including but not limited to: the popularity of the Product; the repetition and consistency of Defendant's conduct (i.e., it is not unique to Plaintiff); and the size of Defendant as an entity and its tendency to establish industry standards.

66. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff and Class Members suffered injury and/or damages, including, but not limited to, the value of the Product.

67. By reason of the foregoing, Plaintiff and the members of the New York Class have been harmed in an amount to be determined at trial and are entitled to: actual damages or fifty dollars, whichever is greater; treble damages; punitive damages; and reasonable attorney's

fees; together with prejudgment interest, and any other relief allowable under GBL § 349.

68. By reason of the foregoing, Plaintiff and the members of the New York Class are also entitled to restitution in an amount to be determined at trial, together with prejudgment interest.

## SECOND CLAIM FOR RELIEF
**Violation of New York General Business Law § 350, *et seq.***
(On Behalf of the New York Class)

69. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

70. GBL § 350 declares unlawful the "[f]alse advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . . ."

71. GBL § 350a(1) defines "false advertising" as follows:

> including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . . .

72. Defendant has engaged in false advertising in the conduct of business, trade, and commerce with respect to the Product.

73. This false advertising includes the advertising and labeling of a commodity.

74. Defendant made the material misrepresentations described in this Complaint in its marketing and advertising and on the Product's packaging and labeling.

75. Defendant sold and continues to sell the Product to consumers in New York.

76. Defendant's labeling and advertisements contain untrue and materially misleading statements and omissions concerning the Product inasmuch as it misrepresents that the Product

can be used to pay bills.

77. Defendant's conduct was willful and knowing.

78. Defendant's false advertising caused Plaintiff and reasonable consumers to believe that Defendant's Prepaid VISA cards could be used for purposes of paying bills when they could not.

79. Plaintiff relied on that advertising when she purchased the Product, believing it was usable for paying bills.

80. Defendant's false advertising induced Plaintiff and Class Members to buy Defendant's Prepaid Visa cards.

81. Plaintiff and the members of the New York Class were harmed by Defendant's conduct.

82. Plaintiff and the members of the New York Class purchased the Product that did not have represented attributes.

83. Plaintiff and the members of the New York Class paid for the Product that purportedly could be used to pay bills, but it could not.

84. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.  Moreover, all consumers purchasing (or considering purchasing) the Product were and continue to be exposed to Defendant's material misrepresentations.

85. By reason of the foregoing, Plaintiff and the members of the New York Class have been harmed in an amount to be determined at trial and are entitled to: actual damages or five hundred dollars, whichever is greater; treble damages; punitive damages; and reasonable attorney's fees; together with prejudgment interest.

86. By reason of the foregoing, Plaintiff and the members of the New York Class are also entitled to restitution in an amount to be determined at trial, together with prejudgment interest.

### THIRD CLAIM FOR RELIEF
**Violation of Materially Identical State Consumer Protection Statutes**
(On Behalf of the Multi-State Class)

87. Plaintiff repeats and realleges all the above allegations as if fully set forth herein.

88. Defendant has engaged in deceptive acts and practices with respect to the Product.

89. Defendant's conduct was consumer-oriented.

90. Defendant sold the Product to consumers throughout the United States.

91. Defendant made false and deceptive representations regarding the Product's ability to be used for online shopping and bill payments.

92. These false and deceptive representations appeared on the Product's packaging.

93. These false and deceptive representations appeared in Defendant's marketing and advertising.

94. Defendant's conduct was willful and knowing.

95. These false and deceptive representations caused Plaintiff and reasonable consumers to believe that Plaintiff and reasonable consumers to believe that Defendant's Prepaid VISA cards could be used for purposes of online shopping and bill paying when they could not.

96. Plaintiff relied on that representation when she purchased the Product, believing it to be made or manufactured in the United States.

97. Plaintiff and the members of the Multi-State Class were harmed by Defendant's conduct.

98. Plaintiff and the members of the Multi-State Class purchased products that did not

have represented attributes.

99. Plaintiff and the members of the New York Class paid for the Product that purportedly could be used for online shopping and bill payments, but it could not.

100. Defendant's conduct constitutes: unfair competition; false advertising; and unfair, unconscionable, deceptive, and unlawful acts or business practices in violation of the following state consumer protection statutes, the elements of which are materially similar:

(a) **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

(b) **California False Advertising Law,** Cal. Bus. & Prof. Code § 17500, *et seq.*;

(c) **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*;[3]

(d) **California Made in the USA Statute,** Cal. Bus. & Prof. Code § 17533.7*;*

(e) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

(f) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

(g) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1, *et seq.*;

(h) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901, *et seq.*;

(i) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

(j) **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349;

(k) **New York False Advertising Law**, N.Y. Gen. Bus. Law § 350, *et seq.*;

(l) **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a);

---

[3] At this time Plaintiff only seeks equitable relief and attorneys' fees for Defendant's CLRA violations.

(m) **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq.*;

(n) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

101. By reason of the foregoing, Plaintiff and the members of the Multi-State Class have been harmed in an amount to be determined at trial and are entitled to: actual damages, statutory damages, punitive damages, and reasonable attorney's fees, together with prejudgment interest.

102. By reason of the foregoing, Plaintiff and the members of the Multi-State Class are also entitled to restitution in an amount to be determined at trial, together with prejudgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of members of the New York Class and the Multi-State Class, respectfully request that the Court award the following relief:

1. The certification of the New York Class and the Multi-State Class;

2. The appointment of Plaintiff as a class representation;

3. The appointment of Plaintiff's counsel as class counsel;

4. The award to Plaintiff and the members of the New York Class and the Multi-State Class of their actual damages in an amount to be determined at trial;

5. The award to Plaintiff and the members of the New York Class and the Multi-State Class of all available statutory damages;

6. The award to Plaintiff and the members of the New York Class and the Multi-State Class of punitive damages in an amount to be determined at trial;

7. The award to Plaintiff and the members of the New York Class and the Multi-State Class of restitution in an amount to be determined at trial;

8. The disgorgement of Defendant's unjust enrichment in an amount to be determined at trial;

9. The award to Plaintiff and the members of the New York Class and the Multi-State Class of their reasonable attorney's fees and litigation costs and expenses;

10. The award to Plaintiff and the members of the New York Class and the Multi-State Class of pre-judgment interest on all amounts awarded; and

11. Such other and further relief as the Court deems appropriate.

### JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury for all claims so triable.

Dated: White Plains, New York
April 11, 2024

By: *Todd S. Garber*
Todd S. Garber
Bradley F. Silverman
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Paul M. Sod
337R Central Avenue
Lawrence, New York 11559
Tel:   (516) 295-0707
Fax:   (516) 295-0722
paulmsod@gmail.com